**FISHER & PHILLIPS LLP**
SCOTT M. MAHONEY, ESQ.
Nevada Bar No. 1099
ALLISON L. KHEEL, ESQ.
Nevada Bar No. 12986
300 S. Fourth Street
Suite 1500
Las Vegas, NV 89101
Telephone: (702) 252-3131
FAX: (702) 252-7411
akheel@fisherphillips.com

JOEL W. RICE (PRO HAC VICE)
**FISHER & PHILLIPS LLP**
10 S. Wacker Drive, Suite 3450
Chicago, IL 60606
Telephone: (312) 346-8061
jrice@fisherphillips.com
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AUNI HARARI, an Individual,<br><br>                     Plaintiff,<br><br>vs.<br><br>CORE-MARK INTERNATIONAL, INC.,<br>a Foreign Corporation, DOES I-X; ROE<br>CORPORATIONS I-X,<br><br>                   Defendants. | Case No.: 2:18-cv-00121-GMN-VCF<br><br>**STIPULATED PROTECTIVE ORDER** |

## <u>STIPULATED PROTECTIVE ORDER</u>

Upon the stipulation of Defendant, Core-Mark International, Inc. (hereinafter "Defendant"), by and through its counsel, Joel W. Rice, Esq. and Allison L. Kheel, Esq., Fisher & Phillips LLP, and Counsel for Plaintiff (hereinafter "Plaintiff"), Jennifer Foley, Esq., of Law Offices of HKM Employment Attorneys LLP (collectively the

FPDOCS 34122974.1

"Parties"), and pursuant to the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

This Agreed Protective Order and Confidentiality Agreement ("Order") is necessary to protect proprietary, confidential, competitive, trade secrets, and/or private documents and information ("Confidential Information") that may be or have been produced and/or otherwise disclosed during the course of discovery and other proceedings in Civil Action No. 2:18-cv-00121-GMN-VCF, styled Auni Harari v. Core-Mark International Inc., filed in the United States District Court, District of Nevada, (the "Action"), whether such information is produced and/or disclosed prospectively or retroactively. Such Confidential Information shall only be used for purposes of this Action and any appeal, and shall not be disclosed, exhibited, delivered, or the existence be made known to any person except in accordance with this Order.

The Parties may retroactively designate documents or information that has previously been produced and/or disclosed during the course of discovery and other proceedings in this Action as Confidential Information subject to this Order.

To assure that unfair advantage is not gained by any party (or any non-party) as a result of discovery or other disclosure in this Action; to avoid any potentially harmful disclosure of Confidential Information; and to facilitate discovery and other pre-trial proceedings without unnecessary motions and hearings, the Parties have stipulated that discovery and disclosure of Confidential Information should proceed only upon the terms and conditions set forth herein.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. **Applicability.** This Order shall apply to all information and materials (including, without limitation, documents, deposition testimony and interrogatory answers) produced or disclosed through discovery or any other activity in this Action (i) by any Plaintiff or any Defendant (individually referred to herein as a "Party" and collectively referred to herein as the "Parties") or (ii) by any person, entity, or witness

not a party to this Order ("non-party"), which is designated to be "Confidential Information" under this Order.

2. **Designation of Confidential Information.** Any Party or non-party may at any time and in the manner described below, designate any document or thing as "Confidential Information," including without limitation, answers to interrogatories, deposition testimony, or any other information or materials produced or disclosed by the Party or a non-party during discovery or in any other pretrial proceedings in this Action, thereby giving notice that such materials (i) contain confidential information, and (ii) shall be subject to this Order. All materials so designated, including copies, summaries, or abstracts, or other recognizable artifacts shall be treated as "Confidential Information." The parties shall have thirty (30) days from the date that this Protective Order is entered by the Court to designate previously-produced materials as "Confidential Information."

3. **Method of Designation.** Each page of documents disclosed or produced, along with all answers to interrogatories, responses to requests for admission, or other such discovery materials that are designated as Confidential Information, shall be accompanied by a cover letter or a conspicuously hand-written inscription, in ink, with the following:

**"CONFIDENTIAL"**

**or**

**"CONFIDENTIAL INFORMATION"**

Information so designated should be substituted for any versions of the same information that was not previously so designated. The version that has been designated as Confidential Information should at all times thereafter be used.

All **documents** produced by any Party, non-party, or witness for inspection or copying shall be treated as Confidential Information during inspection if so marked or designated. Testimony may be designated as Confidential Information in whole or in part. If so, counsel shall designate on the record prior to, concurrently with, or after

- 3 -

such disclosure that same is Confidential Information, in which case each page of the portion of any transcript so designated (together with the front/cover page) shall be stamped with the foregoing legend, and all transcripts so stamped shall be maintained separately, subject to the provisions of this Order. Counsel shall have the ability, at any time, to designate any portions of a deposition, hearing, or trial transcript as Confidential Information.

4. **<u>Limited Use and Disclosure of Confidential Information</u>.** Confidential Information shall be used only for the prosecution and/or defense of this action or any appeal therefrom, and for no other purpose, and shall not be used by any person (except by the Party or non-party who originally produced or disclosed the Confidential Information, or by one who can prove the legitimate acquisition of such information prior to its disclosure in this Action) for any other purpose, and shall not be used or disclosed in this Action except as provided by this Order. Subject to the limitations on usage set forth below, and except by the Party or non-party who originally produced or disclosed it in this Action (or by one who can prove the legitimate acquisition of such information prior to its disclosure in this lawsuit), Confidential Information shall not be used, disclosed or otherwise communicated to anyone, except:

a. The Parties to these proceedings; provided, however, that where a party is a corporation, partnership, or governmental entity, Confidential Information may be disclosed only to such party's officers, directors, partners and employees who are actively involved in preparing for and conducting the litigation or settlement negotiations in these proceedings or who authored, received or otherwise were involved in the substance of the matters set forth in the Confidential Information.

b. Inside and outside counsel for the Parties and paralegals or other legal and clerical assistants employed by such counsel as reasonably necessary to assist counsel (all of whom qualify for review of "Confidential Information").

FPDOCS 34122974.1

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

c.  Clerical and data processing personnel involved in the production, reproduction, organization, filing, coding, cataloging, converting, storing, retrieving, and review of Confidential Information, to the extent reasonably necessary to assist a party or its counsel in these proceedings;

d.  Personnel involved in the administration of any document depository that may be established in connection with these proceedings;

e.  Witnesses and independent (outside) experts or consultants retained by a Party's counsel who agree to be bound by this Order and who signify such agreement by signing a copy of Exhibit "A" attached hereto, which shall be retained by counsel and only such Confidential Information as is reasonably relevant to the subject matter on which they are testifying or consulting.  An "Exhibit A" certificate signed by a non-testifying, independent (outside) "consulting only" expert shall be retained in the files of counsel who engaged such expert, but only disclosed pursuant to further order of the Court;

f.  Court reporters retained by Party counsel in connection with discovery who must first read this Order;

g.  The Court (including the Court's staff);

h.  Such other persons as all Parties' counsel may unanimously agree in writing; *provided*, that such other persons agree to be bound by this Order and signify such agreement by executing a copy of Exhibit "A"; and

i.  Any person that the Court in these proceedings designates in the interest of justice, upon terms that the Court deems proper.

No person other than those in paragraph 5(b) may disclose any Confidential Information or the content thereof to any other person or entity other than in connection with giving testimony in this proceeding at a deposition, hearing or trial.  Confidential Information (and all copies thereof) shall be maintained only by Party counsel and party legal departments, or others who are under the direct control of retained Party experts.

FPDOCS 34122974.1

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

5.    **Procedure for Disclosure to Experts.** Any Party's counsel who intends to disclose another Party's Confidential Information to a witness or to an independent expert, shall, in advance of any such disclosure, require such witness or expert to read and agree to be bound by this Order, and who shall also sign an "Exhibit A" certificate.

6.    **Disclosure Connected with Testimony.** A witness may, during a deposition or trial, or during preparation for a deposition or trial, be shown a document containing, or otherwise be examined about, Confidential Information *only if* (i) the witness is a current employee of the Party or non-party that produced such Confidential Information, (ii) the witness is authorized to review such information under the terms of this Order, or (iii) it can be established in advance of disclosure that the deponent is already familiar with (or authorized to review) the Confidential Information to be disclosed, *e.g.*, as evidenced by the fact that the deponent authored or otherwise was a source of such information, or is shown on the document as a recipient thereof, or is a person whose prior testimony has established that he or she previously originated, received, or reviewed such information in the ordinary course of business, or is an expert who reviewed, or will review, same in his/her capacity as an expert witness in this Action. Each such witness in category (iii) above, however, shall be furnished a copy of this Order, either before or after being examined about such Confidential Information, and shall not disclose such Confidential Information to anyone, except as allowed by this Order.

7.    **Exclusion of Unauthorized Persons.** Whenever Confidential Information is to be introduced or used at a deposition, hearing, or in other pretrial proceedings, each portion of any such proceeding in which such Confidential Information is introduced or used shall be conducted with only those persons in attendance who are authorized under this Order to have access to such Confidential Information. In such instances, the confidential portions of the transcript and its cover page shall be marked with the legend set forth in Paragraph 3 above. The original of

FPDOCS 34122974.1

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

such transcript shall be maintained under seal, and copies of same shall not be available to non-parties without first obtaining leave of Court.

8. **Authorized Disclosures.** Nothing herein shall prevent disclosure beyond the terms of this Order if the only party originally designating the information as "Confidential Information" has consented in writing to requested disclosure, or if the Court orders disclosure regardless.

9. **No Waiver of Other Objections.** Each Party or non-party shall retain the right to oppose disclosure or other production of Confidential Information on any additional grounds that are outside the provisions of this Order. The Parties do not waive any right to object upon any grounds whatsoever to the use or introduction of Confidential Information in any hearing or other proceeding. Nothing in this Protective Order shall be construed to preclude a party from seeking a further protective order for any information as to which such party believes that this Protective Order is insufficiently protective.

10. **Responsibility for Unauthorized Use or Disclosure.** Any Party counsel disclosing the Confidential Information of another Party or non-party to anyone qualified under this Order shall have the duty to reasonably ensure that such person is given a copy of this Order and observes its terms, except that in no event shall counsel be personally responsible for a breach or failure to observe the terms of this Order by anyone who is outside of his/her control.

If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to such party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing person otherwise would be entitled. If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in custody of another party, such party shall promptly return to the producing person that

FPDOCS 34122974.1

material as to which the claim of inadvertent production has been made, and the receiving party shall not copy, reproduce or use such information for any purpose until further order of the Court. The party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstance of inadvertent production.

**Inadvertent Production.** Inadvertent production of any information, document or thing without its being marked "Confidential" shall not itself be deemed a waiver of any claim of confidentiality as to such matter, and the same may thereafter be corrected by supplemental written notice, said notice to be served on all other parties within thirty (30) days of the discovery of the inadvertent production.

11. **Court Proceedings**. Unless otherwise agreed to in writing by all Party counsel, all court-related proceedings involving Confidential Information (including proceedings at which Confidential Information is offered into the record or may otherwise be used) shall be subject to this Order, to the extent practicable.

12. **Responsibility for Unauthorized Use or Disclosure.** Any Party counsel disclosing the Confidential Information of another Party or non-party to anyone qualified under this Order shall have the duty to reasonably ensure that such person is given a copy of this Order and observes its terms, except that in no event shall counsel be personally responsible for a breach or failure to observe the terms of this Order by anyone who is outside of his/her control.

13. **Ultimate Disposition of Confidential Information**. Upon written request by a producing Party, within forty-five (45) days after the conclusion of this Action, all Confidential Information produced by a Party or nonparty, and all reproductions, summaries and extracts of same, together with any other recognizable artifacts thereof, shall be returned to the Party or non-party who originally produced it, except as the Court may otherwise order; *provided, however*, that any Party counsel who prepared (or caused the preparation of) documents containing summaries, extracts, or similar compilations of Confidential Information produced by another Party or non-

party shall not be required to return such materials to the producing Party or non-party unless such Party counsel fails to certify in writing to the producing Party or non-party that all portions of such materials containing Confidential Information have been destroyed to prevent unauthorized disclosure. However, nothing in this Order shall preclude a Party from using or retaining their own Confidential Information.

14. **Effective Date of Agreed Protective Order and Confidentiality Agreement.** This Order shall be effective immediately upon the signature of Party counsel, and shall apply retroactively to all documents and things produced or disclosed through discovery or in any other proceedings in this Action.

This Order shall continue to be effective after the conclusion of this Action, except (i) that there shall be no restriction as to documents that are used as exhibits (unless such exhibits were admitted confidentially and thereafter maintained by the Court under seal), and (ii) that a Party may seek written permission from the producing Party with respect to the application, dissolution or modification of this Order.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

FPDOCS 34122974.1

15. **Modification**. The parties may by written consent modify the terms of this Protective Order without prior approval of the Court.

Dated: May 31, 2018                    Dated: May 31, 2018


_/s/ Jenny L. Foley, PH.D., Esq._          _/s/ Allison L. Kheel, Esq._
**HKM EMPLOYMENT**                    **FISHER & PHILLIPS LLP**
**ATTORNEYS LLP**                     SCOTT M. MAHONEY, ESQ.
JENNY L. FOLEY, PH.D., ESQ.           Nevada Bar No. 1099
Nevada Bar No. 9017                   ALLISON L. KHEEL, ESQ.
1785 E. Sahara Avenue, Suite 325      Nevada Bar No. 12986
Las Vegas, NV 89104                   300 S. Fourth Street
                                      Suite 1500
                                      Las Vegas, NV  89101
                                      Telephone:  (702) 252-3131
                                      FAX:  (702) 252-7411
                                      akheel@fisherphillips.com

                                      JOEL W. RICE (PRO HAC VICE)
                                      **FISHER & PHILLIPS LLP**
                                      10 S. Wacker Drive, Suite 3450
                                      Chicago, IL 60606
                                      Telephone: (312) 346-8061
                                      jrice@fisherphillips.com
                                      _Attorneys for Defendant_


IT IS SO ORDERED this 31st day of May, 2018.


_____
UNITED STATES MAGISTRATE JUDGE

Submitted by:


_/s/ Allison L. Kheel, Esq._
Allison L Kheel, Esq.
Fisher & Phillips LLP
300 South Fourth Street
Suite 1500
Las Vegas, NV 89101
Attorneys for Defendant

FPDOCS 34122974.1